IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| THE GOODYEAR TIRE & RUBBER COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>DONAL JACKSON dba PHANTASY AUTO aka PHANTASY AUTO CAR CARE aka PHANTASY TOWING & AUTO; PHANTASY TRANSPORTATION, INC.; and LAWRENCE D. LADSON, an individual,<br><br>Defendants. | CASE NO.:<br><br>JUDGE |

## COMPLAINT

Plaintiff The Goodyear Tire & Rubber Company ("Plaintiff" or "Goodyear"), for its Complaint against Defendants Donal Jackson dba Phantasy Auto aka Phantasy Auto Car Care aka Phantasy Towing & Auto ("Phantasy Auto"), Phantasy Transportation, Inc. ("Phantasy Transportation"), and Lawrence D. Ladson ("Ladson") (collectively "Defendants"), alleges and avers as follows:

## THE PARTIES

1. Plaintiff, The Goodyear Tire & Rubber Company, is and at all times relevant was an Ohio corporation formed and existing under the laws of the State of Ohio, with its principal place of business in the County of Summit, State of Ohio.

2. Upon information and belief, Defendant Phantasy Auto is a sole proprietorship doing business within the jurisdiction of this Court and can be served at 1541 Belfield Avenue,

Philadelphia, Pennsylvania 19141 and 4807 North Broad Street, Philadelphia, Pennsylvania 19141.

3. Upon information and belief, Defendant Phantasy Transportation is a Pennsylvania Corporation doing business within the jurisdiction of this Court and can be served at 4807 North Broad Street, Philadelphia Pennsylvania 19141.

4. Upon information and belief, Defendant Ladson is an owner and operator of Phantasy Transportation, and can be served at 4807 North Broad Street, Philadelphia Pennsylvania 19141.

## JURISDICTION AND VENUE

5. Through this Complaint, Plaintiff asserts claims against Defendants that arise under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.*, and Pennsylvania common law.

6. The Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a). The Court has supplemental subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. The Court has personal jurisdiction over Defendants in that Defendants are incorporated and/or created or have their principal places of business or residence in the State of Pennsylvania.

8. Venue is proper in the United States District Court for the Eastern District of Pennsylvania, Philadelphia Division pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(a) as: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred; (b) this is a judicial district in which Defendants reside or have their principal place of

business; and (c) this is a judicial district in which Defendants may be found, and there is no judicial district in which the action may otherwise be brought.

## GOODYEAR AND ITS GOODYEAR MARKS

9. Goodyear is one of the largest tire companies in the world and sells a wide variety of goods and performs a wide variety of services related to the automotive industry, including but without limitation manufacturing and selling tires and providing automotive maintenance and repair services through a network of independent retailers and Goodyear-owned locations. Goodyear promotes these goods and services using, inter alia, the GOODYEAR name, the familiar winged-foot design, and a blue-and-yellow color scheme (collectively, the "GOODYEAR Marks"). The GOODYEAR Marks are the subject of numerous registrations on the Principal Register of the United States Patent and Trademark Office, including, but not limited to, those on Exhibit A.

10. Said registrations remain active and valid.

11. Since 1900, Plaintiff has expended substantial resources marketing and maintaining the strength of the GOODYEAR brand. Consumers, as a result, have developed a strong association between the GOODYEAR Marks and Plaintiff's quality goods and services. The strength of the GOODYEAR Marks is one of Plaintiff's most valuable corporate assets.

## NATURE OF THE CASE

12. Plaintiff brings this action to put a stop to Defendants' unfair competition with Plaintiff arising from Defendants' willful infringement and dilution by tarnishment of Plaintiff's GOODYEAR Marks. Plaintiff's GOODYEAR Marks embody the goodwill and repute of The Goodyear Tire & Rubber Company.

13. Defendants are displaying and utilizing GOODYEAR Marks on signs on Defendants' vehicle inspection, towing and auto service store located at 4807 North Broad Street, Philadelphia, Pennsylvania 19141 (the "Store Location"). (See Exhibit B for a representative photograph of one of the signs on the Store Location.)

14. Defendants are not authorized to use Plaintiff's registered marks or to otherwise claim they are an authorized dealer of, or are affiliated with, or sponsored or endorsed by, Plaintiff.

15. Upon information and belief, Defendants' establishment is of substantially inferior quality as compared to Plaintiff's own stores or to those of its authorized dealers such that Plaintiff's GOODYEAR Marks will likely suffer negative associations through Defendants' unauthorized use. Consequently, customers may wrongly associate GOODYEAR with Defendants' goods and services due to Defendants' unauthorized use of the GOODYEAR Marks.

16. Defendants' infringing use of Plaintiff's GOODYEAR Marks on signage to falsely present a dealer relationship with Plaintiff in connection with similar classes of goods and services, is likely to confuse consumers. The identity between GOODYEAR Marks used by Defendants on their signs will lead reasonably prudent consumers to conclude that Defendants' establishment was exclusively or jointly developed by, is licensed, sponsored or certified by, or is otherwise associated or affiliated with Plaintiff. Consumers are likely to be misled as to the source, sponsorship, or affiliation of Defendants' goods and services.

17. Defendants' goods and services are distributed through the same channels of trade in which Plaintiff's goods and services are distributed, which is likely to cause consumer confusion, mistake and deception.

18. Furthermore, because, upon information and belief, Defendants' goods and services are of inferior quality as compared to Plaintiff's goods and services, Defendants' unauthorized use of the GOODYEAR Marks will cause Plaintiff's famous marks to be diluted by tarnishment.

19. Defendants are aware of Plaintiff's rights arising under trademark and unfair competition law but refuse to respect them. To wit: Plaintiff first contacted Defendant Phantasy Auto by letter in July 2014 and demanded that Defendant cease and desist the infringing use of Plaintiff's registered GOODYEAR Marks at the Store Location. Plaintiff also sent Defendant Phantasy Auto letters in June 2015 and September 2015 demanding that Defendant cease and desist the infringing use of Plaintiff's registered GOODYEAR Marks at the Store Location. (See Exhibits C-1 – C-3 letters sent on July 1, 2014, June 10, 2015, and September 25, 2015 to Defendant by Plaintiff and its counsel.)

20. Notwithstanding this fact, Defendants have failed to stop using the GOODYEAR Marks, and continue to falsely promote themselves as dealers of, or affiliated with, Plaintiff. As of the filing of this Complaint, Defendants have yet to remove the signage from the Store Location.

21. Upon information and belief, Defendants have intentionally and with knowledge sought to cause consumer confusion, mistake, and deception through the continued use of the GOODYEAR Marks.

22. Accordingly, in this action Plaintiff seeks to enjoin Defendants from using Plaintiff's GOODYEAR Marks for the marketing and sale of his goods and services and from falsely claiming association with, or sponsorship or endorsement by, Goodyear.

## FIRST CLAIM FOR RELIEF

## (TRADEMARK INFRINGEMENT UNDER LANHAM ACTION § 32)

23.     Plaintiff realleges the allegations contained in paragraphs 1 through 22, inclusive, of this Complaint as though fully set forth herein.

24.     Plaintiff is the owner of several registered service marks and trademarks associated with its goods and services.  Each of Plaintiff's marks is inherently distinctive and Plaintiff has developed and maintained substantial secondary meaning in each of its marks.

25.     Defendants, without Goodyear's consent, have used reproductions, counterfeits, copies and/or colorable limitations of GOODYEAR Marks on Defendants' signage, in commerce or in connection with the sale, offering for sale, distribution and/or advertising of Defendants' goods and services, and such use is likely to cause confusion, to cause mistake, and/or to deceive.

26.     Defendants' conduct constitutes willful trademark infringement pursuant to 15 U.S.C. § 1114(1).  Defendants' conduct was intended to cause confusion, has caused confusion, and will continue to cause confusion unless enjoined.

27.     For each completed act of trademark infringement, Plaintiff is entitled to recover its actual damages as well as Defendants' profits from such infringement.

28.     Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if not enjoined. Plaintiff is therefore also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing infringement of Plaintiff's registered marks.

## SECOND CLAIM FOR RELIEF

### (TRADEMARK DILUTION UNDER LANHAM ACT § 43(c))

29. Plaintiff realleges the allegations contained in paragraphs 1 through 28, inclusive, of this Complaint as though fully set forth herein.

30. Plaintiff's GOODYEAR Marks are the subject of numerous registrations. Such marks are distinctive and Plaintiff has developed and maintained substantial secondary meaning in each of such marks.

31. Since 1900, Plaintiff has exclusively used the GOODYEAR Marks in connection with its goods and services, has made the GOODYEAR Marks the subject of substantial advertising and promotion throughout the United States, and, as a result, has ensured that the GOODYEAR Marks are widely recognized by consumers and those in the trade as unique signifiers of Plaintiff's goods and services. Plaintiff's GOODYEAR Marks are famous marks.

32. Defendants have diluted and are diluting Plaintiff's GOODYEAR Marks by tarnishment by virtue of their use of the GOODYEAR Marks on Defendants' signage in connection with inferior goods and services. Defendants' acts have lessened the capacity of Plaintiff's famous marks to identify and distinguish Plaintiff's goods and services. Defendants' conduct has tarnished the unique association that has heretofore existed between Plaintiff's GOODYEAR Marks and Plaintiff's quality goods and services.

33. Defendants' conduct constitutes trademark dilution pursuant to 15 U.S.C. § 1125(c). Defendants committed the acts alleged above willfully and with the intent to trade on the reputation of Plaintiff and to cause dilution of the Plaintiff's famous GOODYEAR Marks.

34. Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if not enjoined.

Plaintiff is therefore entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing dilution of Plaintiff's registered trademarks.

## THIRD CLAIM FOR RELIEF

### (UNFAIR COMPETITION UNDER LANHAM ACT § 43(a))

35. Plaintiff realleges the allegations contained in paragraphs 1 through 34, inclusive, of this Complaint as though fully set forth herein.

36. Plaintiff is the owner of several registered service marks and trademarks associated with its goods and services. Each of Plaintiff's marks is inherently distinctive and Plaintiff has developed and maintained substantial secondary meaning in each of its marks.

37. Defendants have infringed and are infringing on Plaintiff's GOODYEAR Marks by virtue of their use of the GOODYEAR Marks on signage in connection with goods and services. Such conduct has caused consumer confusion as to Plaintiff's association with, affiliation with, or sponsorship of Defendants' goods and services.

38. Defendants' conduct constitutes unfair competition pursuant to 15 U.S.C. § 1125(a). Defendants' conduct was intended to cause confusion, has caused confusion, and will continue to cause confusion unless enjoined.

39. For each completed act of unfair competition, Plaintiff is entitled to recover its actual damages as well as Defendants' profits from such conduct.

40. Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if not enjoined. Plaintiff is therefore also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing unfair competition.

## FOURTH CLAIM FOR RELIEF

## (COMMON LAW UNFAIR COMPETITION)

41. Plaintiff realleges the allegations contained in paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth herein.

42. Defendants' actions complained of herein constitute unfair competition under the common law of the State of Pennsylvania.

43. Defendants' actions have caused and will likely continue to cause confusion, mistake, and deception among consumers.

44. Defendants' unfair competition has caused and will continue to cause damage to Plaintiff, including irreparable harm for which there is no adequate remedy at law.

45. As a consequence of Defendants' unfair competition, Plaintiff is entitled to damages and preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition.

## FIFTH CLAIM FOR RELIEF

## (FALSE ADVERTISING UNDER LANHAM ACT § 43(a))

46. Plaintiff realleges the allegations contained in paragraphs 1 through 45, inclusive, of this Complaint as though fully set forth herein.

47. The actions of Defendant complained of herein constitute false advertising under § 43(a) of the Lanham Act.

48. Defendant has, in connection with his services, deceptively used in commerce Plaintiff's marks and has falsely advertised himself as being a dealer of, or affiliated with, Plaintiff, through Defendants' use of signage containing GOODYEAR Marks to falsely present a relationship with Plaintiff.

49. Defendants' actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods and services or commercial activities by Plaintiff.

50. Defendants' activities in commercial advertising or promotion misrepresent the nature, characteristics, qualities, or origin of Defendants' goods and services or commercial activities.

51. Defendants' conduct was intended to cause confusion, has caused confusion, and will continue to cause confusion unless enjoined.

52. For each completed act of false advertising, Plaintiff is entitled to receive its actual damages as well as Defendants' profits from such infringement.

53. Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if not enjoined. Plaintiff is therefore also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing false advertising.

<strong><u>SIXTH CLAIM FOR RELIEF</u></strong>

<strong>(TRADEMARK COUNTERFEITING UNDER LANHAM ACT § 32)</strong>

54. Plaintiff realleges the allegations contained in paragraphs 1 through 53, inclusive, of this Complaint as though fully set forth herein.

55. This cause of action arises under 15 U.S.C. § 1114(1), and relates to Defendants' use in commerce of counterfeit versions of the GOODYEAR Marks in connection with the sale, offering for sale, distribution, or advertising of goods and services that is likely to cause confusion among relevant consumers.

56. Defendants, without authorization from Plaintiff, have and continue to use spurious designations that are identical to, or substantially indistinguishable from the GOODYEAR Marks.

57. Defendants intend to cause, have caused and are likely to continue to cause confusion or mistake, or to deceive customers, the public and the trade into believing that Defendants' counterfeit marks are genuine or authorized by Plaintiff.

58. Defendants have acted with knowledge of Plaintiff's ownership of the GOODYEAR Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the GOODYEAR Marks.

59. Defendants have made, and will continue to make, substantial profits and gains to which they are not entitled in law or equity.

60. Defendants intend to continue to damage Plaintiff, and Plaintiff is entitled to receive its actual damages as well as Defendants' profits from the ongoing counterfeiting.

61. Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiff if not enjoined. Plaintiff is entitled to injunctive relief prohibiting Defendants from using the GOODYEAR Marks or any marks identical and/or confusingly similar thereto for any purpose and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits, and advantages obtained by Defendants as result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. 1117(a).

## SEVENTH CLAIM FOR RELIEF

### (STATE STATUTORY DILUTION)

62. Plaintiff realleges the allegations contained in paragraphs 1 through 61, inclusive, of this Complaint as though fully set forth herein.

63. This cause of action arises under the common law and the Pennsylvania state anti-dilution statute, 54 Pa. C.S.A. § 1124.

64. Plaintiff's GOODYEAR Marks are the subject of numerous registrations. Such marks are distinctive and Plaintiff has developed and maintained substantial secondary meaning in each of such marks.

65. Plaintiff's GOODYEAR Marks have become and are famous in the minds of the relevant trade and public in the City of Philadelphia and throughout the Commonwealth of Pennsylvania.

66. Plaintiff's GOODYEAR Marks have acquired distinctiveness and fame, through extensive advertisements and promotional efforts, and by earning millions in revenue from the sale of products and services.

67. Defendants' unauthorized use of the GOODYEAR Marks began well after the GOODYEAR Marks became famous.

68. By their wrongful use of the GOODYEAR marks, Defendants have wrongfully implied a non-existent and false affiliation between Plaintiff and Defendants.

69. Defendants' wrongful use of the GOODYEAR Marks is intentionally designed to trade upon Plaintiff's goodwill and business reputation and to injure and dilute the distinctive quality of Plaintiff's marks in violation of 54 Pa. C.S.A. § 1124.

70. By the acts complained of herein, Defendants have lessened the capacity of the GOODYEAR Marks to identify and distinguish Plaintiff's products and services.

71. By the acts complained of herein, Defendants are likely to cause dilution of the distinctive quality of the GOODYEAR Marks.

72. By the acts complained of herein, Defendants have caused dilution of the distinctive quality of the GOODYEAR marks by blurring and/or tarnishment.

73. By the acts complained of herein, Defendants have caused dilution of the distinctive quality of the GOODYEAR Marks.

74. By means and as a result of said dilution, Plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury for which Plaintiff has not adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief against Defendant as follows:

1. That Defendants, their agents, partners, servants, employees, officers, attorneys, managers, successors and assigns, and all persons acting in concert with or on behalf of Defendants be restrained and enjoined preliminarily and permanently from:

   a. Using the GOODYEAR trade names, trade and service marks, or any substantially similar version thereof on signage on Defendants' Store Location, or committing any other act that falsely represents or advertises or that has the effect of falsely representing or advertising that Defendants are an authorized dealer of Plaintiff's goods and services;